# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHNNIE BANKS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-22-760-HE |
| ) | |
| **FNU ZOOK,** ) | |
| ) | |
| **Respondent.** ) | |

## REPORT AND RECOMMENDATION

Johnnie Banks, a federal prisoner in the custody of the Bureau of Prisons, seeks relief from this Court under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. For the reasons stated below, the undersigned recommends the Court transfer this matter to the United States District Court for the Western District of Virginia.

**I.     Discussion.**

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). This applies

---

[1]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

to habeas petitions, like Petitioner's, that challenge the prison's alleged withholding of earned-time credits. *See* Doc. 1 (describing nature of claims); *see Queen v. Nalley*, 250 F. App'x 895, 896 (10th Cir. 2007) (explaining, in application for habeas relief from "the loss of good-time credits," that the United States District Court of the District of Kansas "lacked jurisdiction over [the] application" because "[i]t was undisputed that [the petitioner] was incarcerated in Illinois when he filed his application in Kansas").

Petitioner is incarcerated at United States Penitentiary Lee, a facility located within the territorial jurisdiction of the Western District of Virginia. *See* 28 U.S.C. § 127(b).[2] This Court therefore lacks jurisdiction over his petition. Nonetheless, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action 'if the transfer is in the interest of justice.'" *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Fed. Deposit Ins. Corp. v. McGlamery,* 74 F.3d 218, 220 (10th Cir. 1996)); *see also* 28 U.S.C. § 1406 ("The district court of

---

[2] Plaintiff's incarceration status is confirmed by the Bureau of Prisons's inmate locator. Inmate Locator, *Fed. Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited Nov. 21, 2022).

2

a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). It is within this Court's discretion to determine whether transfer would be in the interest of justice. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Petitioner alleges deprivation of liberty after the Bureau of Prisons has "fail[ed] to implement the mandatory years" of earned-time credits under the First Step Act of 2018. Doc. 1, at 2; *see* 18 U.S.C. § 3624(b). It appears Petitioner filed his action in this Court because he was "illegally detained" for two weeks at the Federal Transfer Center, which is within the territorial jurisdiction of the Western District of Oklahoma. Doc. 1, at 7-8; *see* 28 U.S.C. § 116(c). And his present Virginia institution "continue[s] to put blame on Grand Prairie and deprive [me] and [i]nmates of [earned-time credits] that are law," referring to the Grand Prairie Office Complex run by the Bureau of Prisons. *Id.* at 7. Even though Petitioner implies that institutions within this Court's jurisdiction are at least partially responsible for the alleged deprivation of credits, that does not mean this Court has the authority to grant habeas relief.

As explained above, "[j]urisdiction over § 2241 petitions 'lies in only one district: the district of confinement.'" *Al-Pine v. Richerson*, 763 F. App'x 717,

720 (10th Cir. 2019) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). There is an exception to this rule: When the government moves a habeas petitioner after he has properly filed a petition in the correct district, that district court retains jurisdiction. *Rumsfeld*, 542 U.S. at 441 ("Thus, [*Ex Parte*] *Endo*[, 323 U.S. 283 (1944)] stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). In other words, once a habeas petitioner properly files a petition, jurisdiction attaches and the petitioner's later transfer "does not defeat that initial jurisdiction." *Pinson v. Berkebile*, 604 F. App'x 649, 653 (10th Cir. 2015); *see also Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Petitioner, though, filed this action while incarcerated within the territorial jurisdiction of the United States District Court for the Western District of Virginia. Doc. 1, Att. 1 (envelope). So even assuming the Federal Transfer Center deprived Petitioner of his earned-time credits, this Court

4

nevertheless lacks jurisdiction over Petitioner's claims because he did not file the petition while he was still in custody of an institution within this Court's territorial jurisdiction. *Pearson v. Wiley*, 241 F. App'x 488, 489 (10th Cir. 2007). The Court concludes that transfer is in the interest of justice.

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court transfer this matter to the United States District Court for the Western District of Virginia.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court on or before December 21, 2022, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of November, 2022.

/s/ Suzanne Mitchell
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE